WILLIAM H. HAWKINS *et al.*

*v.*

GEORGE B. BOHLING *et al.*

*Opinion filed November 1, 1897.*

1. WILLS—*testator is presumed to have intended to dispose of his entire estate.* It will be presumed that the testator intended by his will to dispose of his entire interest in his property, and not to die intestate as to any part thereof.

2. SAME—*the law favors the vesting of estates.* Estates, both legal and equitable, given by a will should be regarded as vesting immediately, unless the testator has clearly manifested an intention that they should be contingent on a future event.

3. SAME—*when remainder is vested and not contingent.* A devise of a life estate in trust, with remainder to a person in being, passes a vested interest to the remainder-man, although the trustee is given power to sell the trust property if necessary, and apply the proceeds to the support of the life tenant.

4. SAME—*effect of direction to sell real estate and pay proceeds to remainder-man.* The fact that a will directs a trustee to sell the unused real estate at the death of the life tenant and pay the proceeds to the remainder-man does not make the latter's interest contingent, where it appears from the will that the distribution was postponed for the convenience of the estate, and not for reasons personal to the remainder-man.

5. SAME—*heirs cannot exercise right of election where ancestor has enjoyed benefits of devise.* Where a husband takes a life estate under his wife's will and enjoys the benefits until his death, his heirs cannot elect to take contrary to the provisions of the will, on the ground that their ancestor was never given an opportunity to exercise his right of election under the statute.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. E. P. VAIL, Judge, presiding.

Plaintiffs in error, William H. and Thaddeus Hawkins, filed their bill in equity in the circuit court of Moultrie county, against defendants in error, claiming an interest, as heirs-at-law of Ann M. Shepherd, deceased, in certain lots in the city of Sullivan, in said county, and asking that the same be declared and that partition be made. The bill showed that Ann M. Shepherd, who was the

owner of the property at the time of her death, died December 16, 1889, leaving her surviving as her only heirs-at-law, her husband, Edwin L. Shepherd, her mother, Jane Hawkins, and her brothers, the two complainants, but that prior to her death she made her last will, which shortly after her decease was admitted to probate in due form, which said will was as follows:

"*First*—I give, devise and bequeath to George B. Bohling, of the city of Versailles, in the county of Morgan, and State of Missouri, as trustee for my beloved husband, Edwin L. Shepherd, lot 8 and east half of lot 7, in block 6, in the original town (now city) of Sullivan, and lots 1 and 2, in block 'A,' Patterson & Snyder's addition to the town (now city) of Sullivan, all in Moultrie county, State of Illinois; also all notes, accounts, money, securities for money, evidence of debt and of title, and vouchers and manuscripts; also all the household furniture, books, works of art, and all other chattels and effects, (except my piano,) together with wines, liquors and everything that goes to make up the saloon business, or any other business that my husband may be engaged in at the time of my death. The real estate given to George B. Bohling, trustee, is to be held by him and the rents and profits to be by him given to my husband, Edwin L. Shepherd, annually, or applied to his support, or said trustee, at the request of my husband, may sell and convey said real estate and put the proceeds at interest, and pay the income or principal for the support of my husband, and all the personal property shall be by said trustee, George B. Bohling, either reduced to money and loaned on good security or otherwise used in trade, so as to be most productive, and proceeds or income therefrom to be paid over to my beloved husband, Edwin L. Shepherd, or applied to his use and support.

"*Second*—I give, devise and bequeath to Mrs. Margaret Craig my piano.

"*Third*—It is my will that my brother, William H. Hawkins, shall have the use of lots 1 and 2, in block 'A,' Patterson & Snyder's addition to the town (now city) of Sullivan, rent free during the lifetime of my husband, provided that my brother, William H. Hawkins, shall keep said premises in good repair and keep all taxes and assessments fully paid.

"*Fourth*—It is my will that my husband, Edwin L. Shepherd, shall take the best of care of my dearly beloved mother, Jane Hawkins, during her lifetime, and in case my mother should survive my husband, it is my request that said trustee, George B. Bohling, shall procure the best care possible for my mother during her natural life.

"*Fifth*—It is my will that if any of the before mentioned real estate remains unsold at the time of the death of my husband, that lot 8 and east half of lot 7, in block 6, in the original town (now city) of Sullivan, together with the household furniture, be sold by the said trustee, George B. Bohling, to the highest bidder, and the proceeds of said sale to be divided, share and share alike, between Mrs. Ettie Bohling, wife of George B. Bohling, and Mrs. Margaret Craig, wife of Walter Craig; and that lots 1 and 2, in block 'A,' Patterson & Snyder's addition to the town (now city) of Sullivan, Moultrie county, State of Illinois, shall descend to my brother, William H. Hawkins, his heirs and assigns forever.

"*Sixth*—It is my will that if any personal property, notes, accounts, money and securities for money, evidence of debt and of title, is left at the death of my husband, Edwin L. Shepherd, that the same shall be disposed of in the best possible manner, and the proceeds divided equally, share and share alike, between Mrs. Ettie B. Bohling, wife of George B. Bohling, and Mrs. Margaret Craig, wife of Walter Craig."

It was further alleged that after Mrs. Shepherd's death her mother, the said Jane Hawkins, died July 12, 1891, leaving complainants her only heirs-at-law, and after-

wards, and before the death of the said Edwin L. Shepherd, the said Margaret Craig also died, and that after her death, and on the 24th day of April, 1895, the said Edwin L. Shepherd died without any disposition having been made of said lots otherwise than in and by said will.

To this bill John B. Shepherd, M. T. Shepherd and Belle Eden, the only heirs-at-law of Edwin L. Shepherd, deceased, also appeared as defendants and answered, and alleged that they were the owners of an undivided one-half interest in said lots as heirs-at-law of said Edwin L. Shepherd. The theory of their claim is, that Edwin L. Shepherd inherited one-half of said property, under the statute, from his wife, Ann M. Shepherd, she having left no children or descendants of children surviving her; that under the statute he had two months after he had been notified that all the debts and claims against the estate of his wife had been paid, in which to elect whether he would take under the will or under the statute, and it was alleged that "at no time did the executor or any one else ever notify the said Edwin L. Shepherd that all debts and claims against the estate of the said Ann M. Shepherd had been paid;" that as he was never called upon to elect in his lifetime, the right of election survived to his heirs. The other defendants to the bill, George B. Bohling, Etta B. Bohling, T. E. Craig and Walter Craig, who are the defendants in error here, demurred to the bill and cross-bill, which demurrer was sustained by the court and both bill and cross-bill were dismissed for want of equity. This writ of error is prosecuted to reverse that decree.

JOHN R. & WALTER EDEN, for plaintiffs in error:

The distinction between a gift on a particular day and a gift to be paid on such day is taken between a case where there is a simple direction to divide at a specified time and where there is an express gift accompanied by a direction to divide at such specified time. In the first

case the gift does not vest till the time of division; in the second it vests at the testator's death, and the division only is postponed. *McCartney* v. *Osburn,* 118 Ill. 403; *Banta* v. *Boyd,* 118 id. 186; *Kingman* v. *Harmon,* 131 id. 171.

An estate is vested in interest when there is a present fixed right of future enjoyment, and an estate is contingent when the right of enjoyment is to accrue on an event which is dubious and uncertain. *Strode* v. *McCormick,* 158 Ill. 142.

R. M. PEADRO, and F. M. HARBAUGH, for defendants in error:

A vested remainder, whereby a vested interest passes to a party, though to be enjoyed in future, is where the estate is invariably fixed, to remain to a determinate person after the particular estate is spent. A contingent remainder, whereby no present interest passes, is where the estate in remainder is limited to take effect either to a dubious and uncertain person or upon a dubious or uncertain event. If the time of payment merely be postponed, and it appears to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind; but if time be annexed to the substance of the gift as a condition precedent, it is contingent, and not transmissible. *Ducker* v. *Burnham,* 146 Ill. 9.

Even though there be no other gift than in the direction to pay or distribute in future, yet if such payment or distribution appear to be postponed for the convenience of the fund or property the gift in remainder vests at once, and will not be deferred until the period in question. *Scofield* v. *Olcott,* 120 Ill. 362.

MEEKER & MEEKER, also for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The interest claimed by plaintiffs in error in the property in question as heirs-at-law of Ann M. Shepherd, deceased, depends entirely upon the question as to whether

Margaret Craig took by the will a vested or only a contingent remainder.   The legal title, for the purposes of the execution of the trust created by the will, was vested in defendant in error George B. Bohling, as trustee.   But it is well settled that there may be vested equitable as well as vested legal interests or remainders, and if Mrs. Craig took a vested equitable interest, then, notwithstanding she died before the death of the husband of the testatrix, Edwin L. Shepherd, the life tenant, her interest descended to her heirs-at-law, who were defendants in error T. E. Craig and Walter Craig.   If, on the other hand, her interest was contingent only, her death before it vested rendered it intestate estate, and it passed to the heirs-at-law of the testatrix, who at the time of the filing of the bill were the complainants below.

It must be presumed that the testatrix intended by her will to dispose of her entire interest in the property, and not to die intestate as to any part of it.   So strong is this presumption that it has sometimes been said, with some extravagance, perhaps, that it will justify almost any construction of a will which will defeat intestacy as to a part of the estate.   (2 Redfield on Wills, 235; *Higgins* v. *Dwen*, 100 Ill. 554; *Hayward* v. *Loper*, 147 id. 41.)   Again, the law favors the vesting of estates rather than that the title shall be in abeyance, and it was said in *Scofield* v. *Olcott*, 120 Ill. 362 (on p. 374): "It has long been a settled rule of construction in the courts of England and America, that estates, legal or equitable, given by a will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent on a future event." (*McArthur* v. *Scott*, 113 U. S. 235; *Kellett* v. *Shepard*, 139 Ill. 433.)   As said in 4 Kent's Commentaries, 205: "It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment, which makes the difference between a vested and contingent interest." (*Temple* v. *Scott*, 143 Ill. 290.)   With these rules in mind,

it must be held that Margaret Craig, upon the death of the testatrix, took a vested interest. The person who was to take was *in esse* and named in the will. Her right to the property was not to depend upon any dubious or uncertain event. The mere fact that power was given to the trustee to sell upon the request of the life tenant, and to use the proceeds for his support, did not make Mrs. Craig's interest contingent, for the interest may vest subject to the power, and may be liable to be defeated or destroyed by its exercise and still not be a contingent as distinguished from a vested interest. Thus, "a devise to a person after the payment of debts and legacies is not contingent until such debts and legacies are paid, but confers an immediately vested interest." *Ducker* v. *Burnham,* 146 Ill. 9; *Scofield* v. *Olcott, supra.*

But it may be said that here there was no original gift to Mrs. Craig, but only a direction to sell and pay over to her after the death of the life tenant, and that in such a case the interest, which is in personalty, is held by the authorities to be contingent. To this point it is sufficient to reply, that it appears by the will that the payment or distribution was postponed for the convenience of the estate,—that is, to let in the prior interest given to the husband,—and was not postponed for reasons personal to the legatee, and that in such cases the interest will vest on the death of the testator. Had it been postponed until Mrs. Craig should have arrived at a certain age, or until the happening of some event personal to herself which might never happen, a different construction might be required. *Scofield* v. *Olcott, supra,* and authorities there cited.

It appearing, then, that Mrs. Craig's interest vested in her at the death of the testatrix, it passed to her heirs upon her death before the death of the husband of the testatrix, and plaintiffs in error, who filed the bill below, took no interest as heirs of the testatrix. Nor did the cross-complainants, as heirs of the husband, Edwin L.

Shepherd, take any interest in the property. The husband took and enjoyed during his life the life estate and benefits given to him by the will, and his heirs cannot now elect to take contrary to its provisions.

The demurrers to the bill and cross-bill were properly sustained, and the decree is affirmed.

*Decree affirmed.*