THEODORE S. CHAPMAN, Exr.

*v.*

ALEXANDER M. CHENEY.

*Opinion filed October 24, 1901.*

1. WILLS—*rule where will is susceptible of two constructions.* When a will is susceptible of either of two constructions without doing violence to the intention of the testator as disclosed by the instrument, one of which would render the will void and the other valid, the latter construction should be adopted.

2. SAME—*when limitation over is void for remoteness.* A limitation over to the testator's great-grandchildren upon the contingency of the death of their parent before the age of thirty is void for remoteness, but the devise to the grandchildren is not necessarily thereby rendered void.

3. SAME—*devise construed as passing a base or determinable fee.* A devise of the fee simple title to the testator's real estate to his grandchildren, subject to their father's life estate therein, but providing that they shall acquire no interest or estate of inheritance before reaching the age of thirty years, passes a base or determinable fee, which vests in such grandchildren at birth, and which may ripen into a title in fee simple absolute upon their attaining the age of thirty years.

APPEAL from the Circuit Court of Jersey county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

Prentiss D. Cheney, a resident of Jerseyville, in Jersey county, died testate in that city on July 3, 1900, leaving Annette H. Cheney his widow, and Alexander M. Cheney, the appellee, his only son and only heir-at-law. His will, which bore date January 11, 1896, was admitted to probate in said county in August, 1900. The substance of the will is stated in the opinion of the court.

Upon the probate of the will, letters testamentary were granted to appellant, who thereupon qualified and accepted the trust and entered upon the discharge of his duties as executor and trustee under the will. Afterward, on the 17th day of August, 1900, the appellee, Alexander M. Cheney, mentioned in said will and the sole heir of the testator, filed his bill of complaint in the circuit

court of Jersey county, alleging that certain of the principal provisions of the will (naming them) violate the rule against perpetuities, and are therefore void and should be set aside as of no effect. The bill also asked that a certain deed made by the appellee to the testator in his lifetime be set aside and that the appellant be required to account, and also prayed for general relief. Afterward the bill was amended by eliminating so much of it as called for an accounting and for the setting aside of said deed. The bill, as amended, sought a construction of the will that said provisions alleged to be void for remoteness be declared void and the property thereby attempted to be devised and bequeathed be declared to be intestate estate and to be vested in the complainant, as the only heir of the testator, and for general relief. The widow was made a party, and answered, but there was no controversy as to her interest and none between her and the appellant or appellee. The appellant answered the amended bill, admitting the facts alleged but denying that the will, or any of its provisions, violates the rule against perpetuities, or was or were void. Replication was filed, but the cause was, in effect, heard on the amended bill of appellee and the answer of appellant.

The circuit court, on the hearing, sustained the charges of the bill, and entered a decree whereby it was adjudged that by the seventh paragraph of the will the property devised might be taken out of commerce for a longer period than a life or lives in being and twenty-one years and nine months thereafter, and is therefore void for remoteness; and that the fourth, fifth, sixth, eighth, ninth, tenth, twelfth and fifteenth paragraphs of said will are dependent for their force and validity upon said seventh paragraph, as being a part of a general scheme of the testator for the disposition of his property, and that he did not intend that they should operate unless said seventh paragraph should be valid, and that they are therefore also void; and it was adjudged that the testator died

intestate as to all of his property except that mentioned in the second, third, eleventh and sixteenth paragraphs of the will, and that the complainant was, as heir-at-law, the owner of all of said intestate estate, subject to the payment of legacies, etc.

ED. J. VAUGHN, for appellant:

Courts will, as nearly as possible, view the testament from the standpoint of the testator, and will look at the circumstances under which the testator makes his will, such as the state of his property, of his family, and the like. 2 Jarman on Wills, (6th ed.) 1655, rule 10; *Ingraham* v. *Ingraham,* 169 Ill. 432.

It is the duty of the court to sustain testamentary dispositions, and render them effective, if it can be done, without violating the inflexible rules of law; and in cases where the language admits of more than one interpretation, that will be preferred which will render the instrument operative. Schouler on Wills, (2d ed.) secs. 488, 489.

Where a vested estate is clearly given in the body of the bequest, vague words following are not to be so construed as to render the bequest contingent. *Roberts* v. *Roberts,* 140 Ill. 345; 2 Redfield on Wills, (4th ed.) 235, 236.

Where a gift to remainder-men is absolute, neither the fact that their enjoyment is postponed to let in an estate for life, nor that a condition subsequent exists upon the happening of which their estate would be divested, will operate to make the remainder contingent. *Hinrichsen* v. *Hinrichsen,* 172 Ill. 462.

Where the remainder is given to a class it is vested as to members *in esse,* and as to after-born members the remainder is said to open to let them in and thereby diminish the shares already vested. Such a remainder vests in the after-born members at their birth. *Field* v. *Peeples,* 180 Ill. 376; *Barclay* v. *Platt,* 170 id. 385; Gray on Perpetuities, sec. 110; *Harrison* v. *Weatherby,* 180 Ill. 418; 2 Jarman on Wills, (6th ed.) 168-170.

A remainder in fee to the life tenant's children vests at birth of the first child, subject to being diminished by the birth of other children. *Schaefer* v. *Schaefer*, 141 Ill. 337; *Barclay* v. *Platt*, 170 id. 385; *Cheney* v. *Teese*, 108 id. 473.

When there is a good absolute gift, and the testator goes on in a subsequent clause to modify the gift by directing, etc., and the latter limitation is void for remoteness, the whole modifying clause is disregarded and the donee takes the absolute interest. *Post* v. *Rohrbach*, 142 Ill. 600; Gray on Perpetuities, secs. 233, 423; 1 Jarman on Wills, 292-294; *Howe* v. *Hodge*, 152 Ill. 252.

The attempted gift over to the possible great-grandchildren of the testator, if valid, would take effect, if at all, as a conditional limitation designed to divest the estate which is to vest in the grandchildren at their birth. *Church in Brattle Square* v. *Grant*, 3 Gray, 142; *Society* v. *Attorney General*, 135 Mass. 285.

Such a contingent ulterior limitation may be held void without impairing other dispositions of the will. *Manice* v. *Manice*, 43 N. Y. 303; *Tiers* v. *Tiers*, 98 id. 568; *Outland* v. *Bowen*, 115 Ind. 150.

O. B. HAMILTON, also for appellant:

The rule which sacrifices the former clause because inconsistent with a later one is never applied, except upon failure to give such construction as renders the whole will effective and allows each provision to stand. *Dickison* v. *Dickison*, 138 Ill. 546; *Holliday* v. *Dixon*, 27 id. 84.

The policy of the law favors vested estates. *Knight* v. *Pottgieser*, 176 Ill. 368; *Hawkins* v. *Bohling*, 168 id. 219; *Hinrichsen* v. *Hinrichsen*, 172 id. 465; *Coggins Appeal*, 124 Pa. 36; *Harvard College* v. *Balch*, 171 Ill. 279; Gray on Perpetuities, secs. 103-107.

If an estate becomes vested within the life of a person in being and twenty-one years and nine months thereafter, though not to be enjoyed in possession until after the time of the running of the rule against perpetuities,

it does not come within the rule, and the remainder is held vested. *Lunt* v. *Lunt*, 108 Ill. 313; *Scofield* v. *Olcott*, 120 id. 362; *Hawkins* v. *Bohling*, 168 id. 219; *Ducker* v. *Burnham*, 146 id. 17; *Knight* v. *Pottgieser*, 176 id. 368; *Madison* v. *Larmon*, 179 id. 65.

In doubtful cases, an interest shall, if it possibly can consistently with other rules of law, be construed to be vested in the first instance, rather than contingent; but if it cannot be so construed to be vested in the first instance, at least it will be construed to be vested as early as possible. 2 Fearne on Remainders, (4th Am. ed.) secs. 200, 201, p. 73; secs. 310, 344, 255.

The first part of the seventh clause of the will in controversy in this case, standing alone, vests the fee simple title of all of the testator's property in his grandchildren, share and share alike, to take possession only after the death of his son. The only effect of the proviso in said seventh clause is to qualify the said fee simple estate so given in the first part of that clause, and vest in said grandchildren a base or determinable fee, to terminate upon the death of the grandchild under the age of thirty years, leaving no lawful issue. *Wiggins Ferry Co.* v. *Railroad Co.* 94 Ill. 93; *Friedman* v. *Steiner*, 107 id. 125; *Strain* v. *Sweeny*, 163 id. 603; *Summers* v. *Smith*, 127 id. 645; *Smith* v. *Kimball*, 153 id. 368; *Lombard* v. *Witbeck*, 173 id. 405.

THOMAS F. FERNS, and PATTON, HAMILTON & PATTON, for appellee:

No interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. Gray on Perpetuities, sec. 201; 1 Jarman on Wills, 518-529; *Howe* v. *Hodge*, 152 Ill. 252; *Lunt* v. *Lunt*, 108 id. 307; *Bigelow* v. *Cady*, 171 id. 229; *Rhoads* v. *Rhoads*, 43 id. 239; *Waldo* v. *Cummings*, 45 id. 421; *Lawrence* v. *Smith*, 163 id. 149; *Hart* v. *Seymour*, 147 id. 598; *Eldred* v. *Meek*, 183 id. 26.

Where the vesting of a gift to unborn persons is postponed for a fixed time exceeding twenty-one years, the gift is void.   1 Jarman on Wills, 518-529; Gray on Perpetuities, chap. 10, sec. 373.

It is not enough that a contingent event may happen, or will probably happen, within the limits of the rule against perpetuities.   If it can possibly happen beyond those limits an interest conditioned on it is too remote. Gray on Perpetuities, sec. 214; 1 Jarman on Wills, 531; *Bigelow* v. *Cady*, 171 Ill. 229; *Sears* v. *Russell*, 8 Gray, 86.

In the construction of a will, all the words, including all provisos and conditions, must be considered for the purpose of ascertaining what estate the testator intended to confer; and if there are qualifying words which show that he did not intend the estate, or any interest therein, should vest unless the devisee should arrive at a specified age, the qualifying clause will control.   *Friedman* v. *Steiner*, 107 Ill. 125; *Hamlin* v. *Express Co.* id. 443; *Davenport* v. *Kirkland*, 156 id. 169; *Healy* v. *Eastlake*, 152 id. 424; *Peoria* v. *Darst*, 101 id. 609; *Russell* v. *Buchanan*, 7 Sim. 628; 2 Jarman on Wills, (5th Am. ed.) 428.

Mr. JUSTICE CARTER delivered the opinion of the court:

Upon the bill of the appellee, the son and only heir-at-law of the testator, it was adjudged that the seventh paragraph of the will violates the rule against perpetuities and is therefore void, and that the fourth, fifth, sixth, eighth, ninth, tenth, twelfth and fifteenth paragraphs are dependent on the seventh for their effect and validity, and, with said seventh, constitute one entire scheme of the testator, and that said seventh paragraph being void the others mentioned are also void.   The question was not raised below, nor has it been in this court, whether equity has jurisdiction to entertain a bill brought by the heir-at-law simply to construe a will and determine therefrom whether or not he, as such heir, is vested with the legal title to the property attempted to be

devised. We shall not, therefore, consider whether the bequests of personal property as made by the will, and the trust as created, would, or not, render inapplicable the rule that where only legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles. (See *Strubher* v. *Belsey*, 79 Ill. 307; *Whitman* v. *Fisher*, 74 id. 147; *Harrison* v. *Owsley*, 172 id. 629; *Bowers* v. *Smith*, 10 Paige, 133; 1 Pomeroy's Eq. Jur. 352.) If it should appear to the casual reader that this rule has not always been applied by this court, a closer examination may show that the question was not mooted by the parties and that the case was not so foreign to equity jurisdiction as to obviate the necessity of raising the question in the proper manner. No such question having been raised in the case at bar, it will be assumed that it is one for cognizance in equity.

The first and principal question is whether or not said seventh paragraph of the will is void for remoteness. But before considering that question it is important to have in mind the substance of the preceding paragraphs, and the general objects and purposes intended to be accomplished by the testator as disclosed by his will.

It was in the first place stated in the will the testator was desirous of disposing of all his property, real and personal, and the first paragraph directs that payment of his funeral expenses and all his just debts be made.

The second paragraph gives and devises to the testator's wife, Annette H. Cheney, the home in Jerseyville during her life, and, in addition, $25,000 absolutely, with the option of an annuity of $2000 in lieu of said $25,000, said devises and bequests to be in lieu of dower and of all her interest in the personal estate; and if she should elect to take under the will she was also given certain personal property, consisting of household and kitchen furniture, horses, carriages, cows, grain, etc.

The third paragraph gives and bequeaths to the son, the appellee, $100, and all portraits, pictures, books, fur-

niture, clothing, etc., and heirlooms of his mother and grandparents at the testator's home; also the testator's guns, emblems, etc.

Paragraph 4 gives and devises all the residue and remainder of the testator's property, of every kind, to his trustee, the executor named in a subsequent paragraph, (being appellant,) to hold in trust for certain enumerated purposes, viz.: to lease and collect the rent of real estate and to manage and preserve it; to loan funds that may accumulate, after payment of debts and legacies, and out of the proceeds arising from real and personal property, after paying taxes and expenses of maintenance, the trustee is authorized, in his discretion, having in view the fulfillment of the testator's desires as made known by the will, to give to said son, if the trustee shall deem it advisable, $100 each month, upon the condition that said son apply in person for the same; and it is provided that this allowance shall not be assignable or in any manner transferable, nor be paid upon any order to any other person or in any other manner except to said son on his personal application, it being testator's intention that said payments should be for partial support of his said son.   In case the son shall marry, said allowance may be increased to $200 per month, one-half of which, in the discretion of the trustee, to be paid to the wife, should she apply for it.   In the event of sickness or accident such payments may be increased to an amount to meet the exigencies, without extravagance; and in the event of emergencies arising from intemperate conduct, evil associates or the violation of any law, no help whatever is to be furnished by said trustee and executor.

The fifth paragraph provides that should the testator's said son abstain from the use of intoxicating liquor or narcotic drugs, of whatever name or form, whether liquid or otherwise, and conduct himself as a worthy citizen, and be free of debts or judgments contracted within the year, (except for sickness,) for one year after the tes-

tator's death, the trustee is authorized, if deemed by him prudent and advisable, to pay said son $1000; or if the conduct of said son has not been such as to convince the trustee that it will then be prudent and advisable to grant such payment, it shall be postponed until such time as and when such trustee shall be so convinced by his own knowledge and personal observation, and that such specified conduct and conditions have continuously existed for one full year. After two years of such continuous good conduct $1500 may be paid as above provided, and after three years $2000, and after four years $2500, and after five years $3000,—such installments not to be assignable, and the son to have no vested interest therein until payment shall have been made to him personally. The paragraph then provides that in the event the testator's son shall fulfill the conditions above set forth for five successive years, he is to have possession and full management of one-half of the testator's lands in Christian county, to be designated and set apart by the trustee, and thereafter to have all the rents and profits of such half after paying taxes and expenses, and the monthly payments above provided for shall be no longer payable. It is then provided that if said son shall continue the course of conduct and conditions above specified, and shall after two years and within five years thereafter save and accumulate from the use of said land, or by his own exertions in lawful business or by his savings from the aforesaid payments, $7000 in money or in real estate in his own name, unencumbered, and be free from debts, the trustee shall then give to said son the possession and management of the remaining half of the testator's lands in Christian county. Said paragraph also gives the trustee power to sell and convey any and all of the testator's real estate except the lands in Christian county, and except also (unless the widow consents) the home place in Jerseyville during her life,—such power

to be exercised in his discretion, within certain limits prescribed by the will.

Paragraph 6 provides that if the testator's said son shall fail to fulfill the conditions prescribed in paragraph 5 of the will, by which the trustee is authorized to pay him $1000 at the end of one year after the testator's death, then the trustee is directed to expend not less than $500 nor more than $1000 per annum, in any lawful manner, to assist in detecting and prosecuting the violation of the statutes of Illinois, or the ordinances of the city of Jerseyville, regulating the sale of intoxicating liquors or prohibiting gambling, wherever such laws have been violated within said city.

It seems clear from these provisions of the will, and from others, that it was the intention and purpose of the testator to accomplish, as far as it lay in his power by the testamentary disposition of his property, two things: the first and principal one being to reclaim his son from the use of intoxicating liquors, narcotic drugs and evil associations, and to induce him to form and maintain habits of sobriety, economy and industry; and the other was to preserve his large estate, and prevent its dissipation and loss by the waste and extravagance of his son, which the will shows he feared and sought to guard against, and, apparently with wise forethought, sought to make the latter purpose aid in the accomplishment of the former and principal one. As one of the means adopted to accomplish his objects he created a spendthrift trust.

It is the duty of the court, in construing a will, to ascertain as nearly as possible the intention of the testator as disclosed by the instrument, and to give it such a construction as will carry such intention into effect. It is, of course, true, that the will cannot carry into effect the intention of the testator in violation of law, and if any of the provisions of the will in controversy violate the rule against perpetuities, such provision or provisions

must be declared void, for it is the duty of courts to enforce the rule, and not to fritter it away by adverse construction. But when a will is susceptible of either of two constructions without doing violence to the intention of the testator as disclosed by the instrument, one of which would render the instrument void and the other valid, that construction should be adopted which would enforce the will as a valid instrument, and not that which would defeat its operation. (29 Am. & Eng. Ency. of Law, 352.) It is the rule that "no interest under a will subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years (and nine months, allowing for the period of gestation,) after some life in being at the creation of the interest." Gray on Perpetuities, sec. 210; *Howe* v. *Hodge,* 152 Ill. 252; *Lawrence* v. *Smith,* 163 id. 149.

It is insisted by appellee that this rule is violated by the seventh paragraph; and by appellant, that only so much of the latter part of the paragraph as limits the estate over to children of the grandchildren is in violation of the rule, and void, leaving the rest of the paragraph unaffected, valid and enforceable. Said seventh paragraph is as follows:

"*Seventh*—I hereby give, devise and bequeath the fee simple title of all my lands, lots and real estate, wherever situated, together with all my personal property of every name, grade or description, to my grandchildren, whatsoever number they may be, born to my said son, Alexander M. Cheney, share and share alike, to take possession only after the death of my said son. In the meantime, after the execution and performance of his duties hereunder by the trustee and executor, and my said son having fulfilled all the conditions and requirements set forth in the fifth paragraph hereof, he, my said son, shall have the full use and enjoyment, in possession, of all my lands, lots or real estate, wherever situated, for and during his natural life,—the power to sell and con-

vey real estate, except in Christian county, to continue and remain in said trustee as herein specified: *Provided always*, and the foregoing devise of the fee simple title of my real and personal estate is and shall be subject to the following conditions: No such grandchild shall acquire or be vested with an interest or any estate of inheritance in any part of my said real or personal estate unless such grandchild shall live to reach the age of thirty years. In the event that any such grandchild shall die before attaining the age of thirty years, he, she or they shall take nothing under the provisions of this will, neither shall any interest in any of my said real or personal estate be thereby vested in any person or persons through devise, inheritance or otherwise. In the event that any such grandchild shall die before attaining the age of thirty years, leaving a child or children, then in that case such child or children, living or posthumous, shall take the share which the parent would have taken had he or she survived and attained the age of thirty years."

It will be observed that no disposition of the title in fee to the realty, nor of the absolute title to the bulk of the personalty, had been made by any prior provision of the will, except in so far as it had been devised and bequeathed to the trustee for purposes of the trust. In the main, its final disposition had not been provided for. It was by this the seventh paragraph, and by subsequent paragraphs to be hereinafter noticed, that such final disposition was attempted to be made. The meaning of the principal clause of the seventh paragraph without the proviso would be clear and unmistakable. It would vest the title to the realty in fee simple absolute in the grandchildren,—that is, the children of appellee,—when and as they should be born, share and share alike, subject only to the life interests of appellee and other beneficial interests created by the will. Such title would vest in the child first born to appellee, subject to be opened

to let in any after-born child or children to an equal ownership and enjoyment of the estate. It is contingent only upon the birth of a grandchild. The fee simple title is devised, and although the word "heirs" or the words "heirs and assigns" are not used, the language employed, were it not qualified by the proviso, would be sufficient, even at common law, to pass title in fee simple absolute. (*Muhlke* v. *Tiedemann*, 177 Ill. 606.) The right of possession and beneficial use, only, were deferred until after the death of appellee, the son.

What, then, is the effect of the proviso? Counsel upon both sides have furnished us with able and exhaustive briefs and arguments upon this the principal question in the case, but we have not the time nor will it be necessary to fully review here their respective arguments or the authorities cited. They agree,—and, indeed, it can not be controverted,—that the last clause of the proviso limiting the estate over to great-grandchildren of the testator upon the contingency therein mentioned, namely, the death of the grandchild, their parent, before the age of thirty, is void for remoteness, it being clear that the contingent event might not happen and the estate vest in such great-grandchild within twenty-one years after the expiration of a life in being. It is, however, equally clear, we think, that the validity of the rest of the seventh paragraph is not affected by the invalidity of said last clause of the proviso. It does not follow that because the limitation over to great-grandchildren is void the devise and bequest to the grandchildren are void also. The last clause creating the limitation over may be rejected without doing violence to the remainder of the paragraph. *Eldred* v. *Meek*, 183 Ill. 26.

But the question remains, what is the effect of the other two clauses of the proviso on this paragraph of the will? It is a rule of construction that the law favors the vesting of estates rather than that they should be held contingent, and we would not be authorized, because

of the use of particular words in the proviso indicating a particular intent but of doubtful meaning, to construe this entire paragraph so as not only to thwart the general intention of the testator so clearly manifested by the entire will, but to ignore this rule of construction as well. The vesting of the estate in the possible grandchildren is, of course, contingent upon the birth of such grandchildren; but we do not think it was intended by the testator to make the vesting in them of all interest whatever contingent upon their reaching the age of thirty years, but only to make the vesting of the title in fee simple absolute in them contingent upon their attaining that age. In other words, we are of the opinion that the proviso and its several clauses were intended to, and do, have the effect of reducing what would otherwise be an absolute estate in the grandchild upon its birth, to a base or determinable fee,—a fee that would terminate upon the death of the grandchild before the age of thirty. It was the transmissible or inheritable interest that the testator sought to guard and provide for by the proviso and its different clauses, and not such an interest as would give the grandchildren the possession, use and enjoyment of the property upon the death of their father, the appellee. The qualifying clause, "no such grandchild shall acquire or be vested with an interest or estate of inheritance * * * unless such grandchild shall live to reach the age of thirty years," is a limitation of the already devised fee by providing that he shall not be vested with an inheritable interest or estate before the age of thirty years. The remaining clauses of the proviso also deal only with the inheritable interest, as does the first, and not with any lesser one. This seems clear to us from the language employed by the testator which was not of a precise or technical character, and when he says in the second clause of the proviso that in the event of the death of any grandchild before he shall attain the age of thirty years he shall take nothing under the pro-

visions of this will, neither shall any interest be thereby vested in any person or persons through devise, inheritance or otherwise, he refers to the same kind of interest which it is the purpose of the proviso to qualify,—that is, an inheritable interest; one that such grandchild might otherwise dispose of by will or by gift *causa mortis* or which would pass by the laws of descent, for if by the phrase "they shall take nothing" he meant they should take nothing *until* they reached the age of thirty years, and if they died before should take no interest whatever, it would have been wholly unnecessary to say, "neither shall any interest  *  *  *  be thereby [that is, by their death,] vested in any person," etc.  If they never had any interest none could be devised or otherwise disposed of by them or be inherited from them.  This latter clause would seem to imply that they would have some interest before reaching the age of thirty, which, so far as their interest in or power over it was concerned, the testator desired to utterly destroy at their death.  This view is strengthened by the general scope and purposes of the will as they are disclosed by its provisions.  For example, all of the paragraphs which provide for the ultimate disposition of the property are so guarded that if they were carried out as written the testator's son could never *inherit* from any beneficiary under the will any part of the estate, and it is as clear that the testator intended to cut off any such possible inheritance as it is that he intended to cut off the inheritance from himself.  If the son should marry and have a child, who, under the principal clause of the seventh paragraph, would take the title absolutely to the property, subject to his life interest, and such grandchild should die, he, the son, would take such property, or part of it, as heir of his own child, and the purpose of the testator to save the son from his own weaknesses and at the same time protect and save the property would be thwarted as completely as if he had made no will at all.  It would seem from the general de-

sign of the testator not only reasonable, but essential to the accomplishment of such design, that he should limit the estate to the grandchildren, so that appellee could not inherit from them. To do this it was not necessary that they should have no interest at all until thirty years of age, but no interest which he could inherit from them. It is not said in any part of the proviso or of the will that they should have no interest whatever *until* thirty years of age. It is not improbable that the limit was fixed at thirty years because the testator may have considered that at that age his grandchildren would have children of their own, or that at least the danger would be small that his son would, after the lapse of so long a time, inherit the property, or if he should, that he would then waste it by irresponsible conduct.

Again, if it was the testator's intention that his grandchildren should take no vested interest, of any character, in the property at their birth or. *until* they should reach the age of thirty years, it would have been easy to say so, or, at any rate, we would expect to find in the will, containing so many specific provisions, some provision or direction as to the beneficial use of this large property during the period which might reasonably be expected to elapse between the death of his son and the time when the grandchild would attain the age of thirty years. The will is wholly silent on that question, except that the first part of this paragraph gives them the right of possession after the death of the son. Such a period might not be greatly less than thirty years. The failure to make any other provision regarding it might, it is true, be attributable to oversight, or to the belief that it was provided for by the trust provisions of the will, and that the testator intended that the trustee should hold, manage, lease and care for the property during this possibly long period; but it would seem more reasonable that no provision was made for it because the property was given, during such period, to the grandchildren, and

therefore there was no necessity for any further provision respecting it. We do not find in the will any ground to infer that it was contemplated by the testator that after the real estate had all been turned over to the son for his use and enjoyment for life,—he having filled the prescribed conditions,—the trustee should re-possess himself of such real estate, but, on the contrary, the implication, if not the express direction, of the seventh paragraph is, that such grandchildren, if any, shall take possession upon the death of the son without regard to their age. Furthermore, it is to be noticed that by the twelfth paragraph of the will the testator authorizes the probate court to designate an attorney every three years, whose duty it shall be to familiarize himself with the provisions and intent of the will and to observe and examine the manner of its execution, and to report to the court any delinquency in the execution of the trust, and take proceedings in court to secure the sufficiency of the trustee's and executor's bond and the faithful execution of the will. But it is provided that such appointment, and the duties to be performed by such attorney, shall cease one year after the death of the testator's son. It is not necessary in this case to determine when the trust is to end, but it would hardly seem probable that the testator contemplated that it might continue actively for many years,—possibly thirty,—after the death of his son and during the minority of his grandchildren, as to the bulk of the estate, in view of his discontinuance, within one year after the son's death, of the services of the attorney appointed to guard the trust. It would seem much more reasonable that so prudent a testator would provide safeguards for so remote a period of the trust and during the infancy of his grandchildren, than that he would remove those which he had provided.

To determine whether the grandchildren, if any, and of whatever age, are by the seventh paragraph to have possession upon the death of the son, the language used

by the testator is carefully to be considered. After providing that they are to take possession only after the death of the son, the paragraph proceeds: "In the meantime * * * he, my said son, shall have the full use and enjoyment, in possession, of all my lands * * * during his natural life,"—that is to say, during the time intervening between the time when the trustee shall have delivered possession on his compliance with the conditions prescribed by the will and the time of the death of the son and the taking possession by the grandchildren, the son is to have the full use and enjoyment in possession, of the property. The testator was then, in this part of the paragraph, dealing with the beneficial use of the property in possession and fixing bounds to the time of its enjoyment. Having given the title to the grandchildren and limited their possession to begin only after the son's death, he then declared that in the meantime his son shall have it. Is it not perfectly clear that the testator understood that he had fixed a time when the grandchildren should come into possession? If not, why did he say that in the meantime the son should have it, and why did he make no provision on that subject in any of the clauses of the proviso? It should be borne in mind that the proviso was intended to qualify or limit the principal clause of the paragraph and not to override or supersede it, and the whole paragraph should be construed so as to give effect to all its parts according to the intention of the testator, if that can be done in accordance with the rules of law. We think such a construction as we have given the seventh paragraph will carry into effect the intention of the testator except as to the last clause of the proviso, and as to that the intention is plain, but being in conflict with the rule against remoteness, that part, only, is void.

The construction we have given this paragraph accords with the construction given to a will somewhat similar, in *Friedman* v. *Steiner*, 107 Ill. 125, where it was

held that an estate otherwise devised in fee simple was by the proviso reduced to a fee determinable. It was there said, that "one of the peculiarities of a fee determinable is, that it may become a fee simple absolute upon the happening of any event which renders impossible the event or combination of events upon which such estate is to end." So in the case at bar, when a grandchild shall reach the age of thirty years it will be no longer possible for him to die under thirty, and the fee determinable of which he was before seized becomes a fee simple absolute. See, also, *Lombard* v. *Witbeck*, 173 Ill. 396.

The eighth, ninth, and the first clause of the tenth, paragraphs of the will, all of which paragraphs were also declared void by the decree below as being dependent on said seventh paragraph, are as follows:

"*Eighth*—In the event that my said son shall die without leaving lawful issue or descendants of such lawful issue him surviving, I give and devise to Mary M. Tesse all of section 2, in town 11, north, in range 4, west, in Christian county, Illinois, or in the event of her death prior to the death of my said son, said land shall go to her child or children or to the descendants of such child or children, if any such there then shall be; but her interest or estate in said land hereby created contingent shall not pass to her heirs-at-law.

"*Ninth*—I give and devise to Catherine M. Tesse all of section 3, in town 11, north, in range 4, west, in Christian county, Illinois, under the same conditions, in like manner and subject in all things to the same limitations set forth in paragraph eight above. The said Mary M. Tesse and Catherine M. Tesse are sisters. They are the children of Anna C. Tesse, deceased, who was the daughter of Edward A. D'Arcy, deceased.

"*Tenth*—In the case of the death of my said son without leaving lawful issue or the descendants of such issue, such event will exterminate my descendants; and in the event of the death of my said son without leaving lawful

issue or the descendants of such issue, I direct and expressly provide that all the remainder of my property, both real and personal, including the balance of my land in Christian county, shall be appropriated, dedicated and set apart for the purpose of assisting young men in Jersey and Christian counties, in Illinois, in acquiring higher education."

The tenth paragraph also directed that a board of trustees be appointed by the circuit court of Jersey county to administer said charitable trust created by said paragraph. The thirteenth and fourteenth paragraphs appointed the appellant executor and trustee to execute and carry out the provisions of the will, and provided for the appointment of his successor, and contained directions as to the bond to be given. The fifteenth, declared void by the decree, provided for compensation to the executor and trustee. In view of the construction we have given the seventh paragraph we think it unnecessary at this time to consider the further question discussed by counsel,—that is, whether said paragraphs were or not dependent upon said seventh paragraph, and without which the testator did not intend they should operate as a part of his will; nor to consider whether said charitable trust would come into existence or effect in case of the extinction of his descendants, by death, before thirty, and, after appellee's death, of all grandchildren,—that is, all children which may be born to the appellee. It will be time enough to consider that contingency (which may never happen) when it arises. It is sufficient to say, that from the construction we give them and the whole will we find no part of the will void for remoteness except the last clause of the proviso to the seventh paragraph before mentioned. As we understand the decree and the arguments of counsel, all the paragraphs except the seventh, declared by the decree to be void for remoteness, were so decreed to be void because they were dependent on said seventh paragraph, which,

as it was held, was in conflict with the rule against perpetuities, and that it was not held or contended that they were of themselves invalid.

The decree will be reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views we have expressed.

*Reversed and remanded, with directions.*