(No. 11513.—Decree affirmed.)

JURKO REMMERS *et al.* Appellants, *vs.* PETER REMMERS, Appellee.

*Opinion filed October 23, 1917.*

WILLS—*when remainder is vested but subject to executory devise over.* A devise to the testator's wife for life with remainder to the testator's sons, but in case either of the sons shall die previous to the termination of the life estate the share of such son shall go to his children, gives a vested remainder to the sons but subject to the executory devise over to the children, and the sons can not convey a fee simple title during the existence of the life estate. (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11, followed.)

APPEAL from the Circuit Court of Piatt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

J. L. HICKS, for appellants.

CARL S. REED, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Peter Remmers was the owner of 410 acres of land in Piatt county and had four sons and five daughters. He died on October 1, 1913, leaving a last will and testament, by which he provided for the payment of his debts, bequeathed to his wife, Anna Remmers, all his personal property after the payment of debts, absolutely, devised to her all his real estate for and during her natural life, bequeathed to Henry Remmers, one of his sons, $2000, to be paid him when he should reach the age of twenty-one years, and devised his town residence in DeLand, Illinois, in fee simple to Jennie Remmers, one of the daughters. His plan for the disposition of the remainder in the 410 acres after the life estate of Anna Remmers, was to make the four sons and five daughters equal but to give the daughters their shares in money and make the payment of the same charges

on the land. To that end he devised to his four sons all his real estate, except the town residence, in fee simple absolute upon their compliance with the condition that his five daughters should receive their proportionate shares of their inheritance in money, at a valuation of $190 per acre. After making that general devise he devised 210 acres of the land in fee simple to his sons Jurko Remmers and Peter Remmers on their paying to the daughters the proportionate shares of their interest at a valuation of $190 per acre, and devised the remaining 200 acres in fee simple to his sons John Remmers and Henry Remmers upon their making like payments to the daughters at the same valuation. These devises were followed by this provision: "It is my will also that in the event of the death of any of my children before the death of my beloved wife, then the children, if there be any, of such heirs shall take the shares of their deceased parents in equal parts among them." On September 8, 1916, appellants, Jurko Remmers and Bertha Remmers, his wife, entered into a written agreement with the appellee, Peter Remmers, whereby they agreed to sell and convey to the appellee the undivided one-half of the 210 acres devised to Jurko Remmers and Peter Remmers for $5025,—$525 of which was to be paid on the execution of the contract and the balance of $4500 was to be paid on December 1, 1916, when the appellants were to execute and deliver to the appellee a warranty deed conveying to him in fee simple, free from all incumbrances, the said undivided one-half of the lands, subject, however, to the life estate of Anna Remmers and payments to be made to the daughters under the terms of the will. The nature of the title to be conveyed was further defined as follows: "It is hereby understood and agreed that the interest hereby sold and contracted to be conveyed is an interest in fee simple absolute, free and clear of all incumbrances, except the life estate of said Anna Remmers and the payments above mentioned to be made under the terms of the will."

Anna Remmers, the widow, is still living, and Jurko Remmers and Peter Remmers each had several children when the will was written, and the children are still living. The appellee refused to comply with the contract on the ground that the title of Jurko Remmers was not an absolute title in fee simple, and the appellants filed their bill in this case in the circuit court of Piatt county to compel him to specifically perform the contract. The appellee demurred to the bill, and the demurrer was sustained and the bill dismissed for want of equity at the cost of appellants.

By the will the remainder in the lands in question after the life estate of Anna Remmers was devised to the appellant Jurko Remmers and the appellee, Peter Remmers, subject to the payment in money to the five daughters of their proportionate shares in the land at a valuation of $190 per acre, but in case either of the sons should die previous to the termination of the life estate the share of the deceased son was to go to his children. A will in no respect different from this one, so far as the question involved is concerned, was construed in *Lachenmyer* v. *Gehlbach*, 266 Ill. 11, where it was decided that the testator's children took a vested remainder, subject to the executory devise, upon the happening of the contingency upon which the same was limited during the continuance of the life estate. There was a like decision in *Ashby* v. *McKinlock*, 271 Ill. 254, where there was a devise of land by language sufficient to vest the fee simple title in the devisee, Martha Isabella Kerr, but a subsequent clause of the will provided that if she should marry and leave no issue then the estate was to go to the brothers and sisters of the testator or their children. In each of those cases the specific performance of a contract of the devisee to convey a good title to the premises was denied. The remainder vested in Jurko Remmers will be subject to the executory devise over to his children in case of his death during the continuance of the life estate. Any conveyance by him will carry with it the limi-

tations which will become effective upon his death before the termination of the life estate, and he cannot convey an estate in fee simple in accordance with the terms of the contract.

The court did not err in sustaining the demurrer and dismissing the bill, and the decree is affirmed.

*Decree affirmed.*

---

(No. 11536.—Judgment affirmed.)
THE PEOPLE *ex rel.* L. E. Vautrin *et al.* Appellants, *vs.* W. D. MADISON *et al.* Appellees.

*Opinion filed October 23, 1917.*

1. SCHOOLS—*the legislature may authorize organization of high school district without any petition or vote.* The legislature may authorize the organization of high school districts out of compact and contiguous territory without requiring a petition for that purpose or a vote of the people on the question.