## In re LANDIS.
### No. 4184.

District Court, S. D. Illinois, S. D.
June 27, 1929.

Harold F. Trapp and Robert R. Humphrey, both of Lincoln, Ill., for Leland K. Landis and others.

Clayton J. Barber and John A. Barber, both of Springfield, Ill., for trustee.

FITZHENRY, District Judge.

In the course of the administration of this bankruptcy estate, the referee passed an order directing the trustee to sell real estate at public auction, free from liens. Certain judgment creditors, feeling aggrieved at the order, filed their petition for a review thereof. The real estate sought to be sold was certain property claimed by the trustee in bankruptcy to have been devised to the bankrupt by his father. The testator died June 15, 1906. The will was duly admitted to probate in Logan county September 24, 1906. There were left surviving the testator's widow, Susannah I. Landis, Leland K. Landis, and Elmer E. Landis, sons, and Louisa S. Griffin, his daughter. Thereafter, May 22, 1927, Susannah I. Landis, widow of the testator, died. The bankrupt herein was adjudicated a bankrupt in this court June 18, 1925.

Upon a consideration of the petition for sale, the referee held that the bankrupt was the owner of a vested remainder in an undivided one-third part of all the real estate, subject to the life estate of Susannah I. Landis, the widow, and subject to an executory devise in favor of the descendants of the bankrupt, in the event of his death prior to the death of the widow. The bankrupt having survived the widow, the trustee is now the owner of the undivided one-third interest in the real estate.

After the adjudication of the bankrupt, a number of judgments were taken against him, and the referees held that the interest of the bankrupt in his father's estate, being a vested remainder, was not affected thereby. The judgment creditors filed their petition for review, contending that the bankrupt's interest at the time of the filing of the petition was a contingent remainder, did not pass to the trustee, and became vested after adjudication and subject to the lien of their judgments.

 The third paragraph of the last will and testament of David B. Landis is as follows:

"Three: After the expiration of the prior life estate therein of my said wife, I give, devise and bequeath the remainder in the real estate hereinbefore devised unto my said wife for life unto my children Lulu S. Griffin, Leland K. Landis and Elmer E. Landis and the descendants of any of my children that shall depart this life before the death of my said wife, in fee simple, in equal shares among them, giving to the descendants of any deceased child his, her or their parent's portion, in equal shares among them.

"It is my intention that the interest hereby given to my said children and to the descendants of any of them that shall depart this life before the death of my said wife,

shall not become a vested interest during the lifetime of my said wife."

The question submitted by the referee is: "Was Elmer E. Landis, the bankrupt, at the time of his adjudication in bankruptcy, the owner of a vested, or contingent interest in the real estate directed to be sold?"

There can be no serious question but that under the first clause of the third paragraph of the will the interest here involved was a vested remainder. Nicol v. Morton, 332 Ill. 533, 164 N. E. 5 (opinion by Mr. Commissioner Partlow adopted by the court, pages 539, 540, 541 of 332 Ill., 164 N. E. 5, 8, 9); In re McHarry, 111 F. 498 (C. C. A. 7th Cir.); Lachenmyer v. Gehlbach, 266 Ill. 12, 107 N. E. 202, 204; Ducker v. Burnham, 146 Ill. 9, 34 N. E. 558, 37 Am. St. Rep. 135; Strickland v. Strickland, 271 Ill. 614, 111 N. E. 592; Remmers v. Remmers, 280 Ill. 93, 117 N. E. 474.

In Nicol v. Morton, supra, substantially all of the leading Illinois cases upon vested and contingent remainder are reviewed and applied. The case of Lachenmyer v. Gehlbach, supra, is especially referred to. In the latter case, Mr. Justice Cartwright, in discussing the subject, quoted from Brown v. Brown, 247 Ill. 528, 93 N. E. 357, as follows:

"A 'vested remainder' is one which throughout its continuance gives the remainderman or his heirs the right to the immediate possession whenever and however the preceding estates may determine."

The opinion then proceeds:

"In Carter v. Carter, 234 Ill. 507, 85 N. E. 292, the distinguishing characteristics of vested and contingent remainders were clearly stated, and it was said that a contingent remainder—'is an estate which is not ready to come into possession at any moment when the prior estate may end. On the other hand, if the estate is at any time ready to come into possession, provided the prior estate should end, then it is a vested estate.' The definition given by Gray in his Rule against Perpetuities (section 101) is: 'A remainder is vested in A when throughout its continuance A, or A and his heirs, have the right to the immediate possession, whenever and however the preceding estate may determine.' The rule has also been stated quite as fully as follows: 'But if any estate be it ever so small, is always ready, from its commencement to its end, to come into possession the moment the prior estates, be they what they may, happen to determine, it is then a vested remainder and recognized in law as an estate grantable by deed. It would be an estate in possession were it not that other estates have a prior claim; and their priority alone postpones, or may perhaps entirely prevent, possession being taken by the remainderman. The gift is immediate, but the enjoyment must necessarily depend on the determination of the estates of those who have a prior right to the possession.' Williams on Real Prop. 345."

The first clause of paragraph 3 clearly gives the fee-simple title to the three children named, share and share alike, subject to the prior life estate of the widow, and subject, however, to the substitution of the descendants of any deceased named child.

In re McHarry, supra, the Circuit Court of Appeals for this circuit, in an opinion by Judge Grosscup, laid down the rule that:

"Where lands were devised to a life tenant, with remainder in fee to his children or their descendants, if any should survive him, a son of such life tenant took a vested remainder, both under the general law and under the law of Illinois, which he could transfer, and which passed to his trustee on his bankruptcy during the lifetime of his father."

By all the tests applied in the various decisions under the first clause of the third paragraph of this will, the remainder granted after the expiration of the life estate in the widow was a vested remainder. The serious question here involved is whether the second clause of paragraph 3 changes the legal effect of the first paragraph. The second clause is as follows:

"It is my intention that the interest hereby given to my said children and to the descendants of any of them that shall depart this life before the death of my said wife leaving descendants who shall survive my said wife, shall not become a vested interest during the life time of my said wife."

The second paragraph of the will created and gave to the wife a life estate in the real estate of which the testator died seized. The first clause of the third paragraph gave the remainder, after the expiration of the life estate, to the three children, subject to a right of substitution in the event of the death of either before the death of the life tenant. The clear intent of the testator as exhibited by the second clause of the third paragraph was to provide that nothing should intervene to interfere with the full enjoyment of the life estate by his wife as long as she should live. This clause interposes no new condition which would change the remainder granted in the first clause from a vested to

a contingent remainder. It interposes no condition whereby the remainder granted is inalienable and destructable. All that remained to terminate the life estate and vest the remainder absolutely was the event that was certain to happen, to wit, the death of the life tenant. In these circumstances, the petitioning creditors earnestly urge that, because the second clause of the third paragraph contains this language: "It is my intention that the interest hereby given to my said children, * * * shall not become a vested interest during the lifetime of my said wife," therefore the remainder granted in the preceding paragraph thereby was made a contingent, and not a vested, remainder.

To the extent that this contention may be seriously made, clauses 1 and 2 of the third paragraph are ambiguous. If the two clauses can be so construed as to give effect to both, in harmony with the clear intention of the testator, it is the duty of the court to so construe them. It is true, of course, that the words used in the second clause might be construed as contended by counsel, but we do not believe in doing so we would be following the real intention of the testator. We believe it clear from all of the language used and the manifest purpose of the testator that, when he said in the second clause that "the interest hereby given my said children * * * shall not become a vested interest during the life time of my said wife," he intended to say that the interest "shall not become a vested indefeasable interest during the life time of my said wife." Such a direction as is contained in this clause, when so read, is as readily applicable to a vested as a contingent remainder, and should be adopted. Chapman v. Cheney, 191 Ill. 574, 61 N. E. 363; Burney v. Arnold, 134 Ga. 141, 67 S. E. 712, 715; Bowler v. Bowler, 176 Ill. 541, 52 N. E. 437.

In Burney v. Arnold, supra, the Supreme Court of Georgia, dealing with a similar expression in a deed where the word "vest" was used, said:

"In arriving at the intent of the grantor it must be borne in mind that the word 'vest' has a double meaning. It is employed to denote either 'a vesting in interest,' or 'a vesting in possession.' If employed by the grantor in the latter sense, it would have no further effect than if the grantor declared that the property at the death of the life tenant was 'to go to and be possessed by' the remaindermen."

We are persuaded that the construction counsel for the judgment creditors would have us adopt of this will is one that might lead to intestacy, and for that reason might hereafter be undesirable. Northern Trust Co. v. Wheaton, 249 Ill. 606, 94 N. E. 980, 34 L. R. A. (N. S.) 1150; Hawkins v. Bohling, 168 Ill. 214, 48 N. E. 94; Higgins v. Dwen, 100 Ill. 554; Hayward v. Loper, 147 Ill. 41, 35 N. E. 225.

In the view that we take of the will in question, it is unnecessary to pass upon the question as to whether or not a contingent remainder is an estate of such a character as passes to the trustee in Bankruptcy under section 70 of the Bankruptcy Act (11 USCA § 110).

In the light of these views, it follows that the question certified must be answered as follows: "Elmer E. Landis, the bankrupt, at the time of his adjudication in bankruptcy, was the owner of a vested remainder of an undivided one-third interest in the real estate directed to be sold."

The cause will be remanded to the referees for the further administration of the estate.